UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MCF ENTERPRISES, INC.,**

      **Plaintiff,**

v.                                              Case No: 2:21-cv-891-JLB-DAB

**KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO. LTD. and KNAUF NEW BUILDING SYSTEM (TIANJIN) CO. LTD.,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR SUMMARY JUDGMENT ON ISSUES PARTICULAR TO THIS CASE (Doc. 39)
>
> **FILED:** June 13, 2022
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

Plaintiff MCF Enterprises, Inc. ("MCF") filed suit against the Knauf Defendants seeking, among other things, damages related to allegedly defective drywall the Knauf Defendants manufactured and placed into the stream of commerce, which was later

installed in thousands of homes; numerous homeowners and home builders sued. Previously, the cases were part of an extended Multidistrict Litigation proceeding ("MDL") which has since been largely resolved, and the individual cases have been transferred to the districts where the drywall was installed.[1]

The Knauf Defendants seek summary judgment on certain of Plaintiff's individual claims, arguing that MCF's claims are barred by what they contend is Florida's subsequent purchaser doctrine and a lack of evidence of reduced value to support damages. Because, for purposes of summary judgment, Defendants have failed to demonstrate that the doctrine applies in this case or that MCF could not have obtained a higher value for sale of the house, it is **RECOMMENDED** that the Motion for Summary Judgment be **DENIED**.

## I.     BACKGROUND OF THIS CASE

Plaintiff MCF acquired the property at issue at 8554 Pegasus Drive, Lehigh Acres, Florida and has not occupied the property. Doc. 39-2, Plaintiff Profile Form, at 2; Doc. 39-1, Freeman Depo. at 17. MCF alleges that the home contains defective drywall[2] which was installed in the property in 2006, prior to MCF's acquisition of

---

[1] A full background describing the pending drywall litigation in this District is set forth in the Report and Recommendation (being filed herewith) relating to the motion for partial summary judgment that was filed in all of the Middle District of Florida cases.

[2] Plaintiff contends that Defendants' drywall products containing the ink stamp, "KNAUF-TIANJIN CHINA ASTM C36" and are defective, because the off-gas noxious and corrosive chemicals such as hydrogen sulfide and carbon disulfide.

the property on November 13, 2013. Doc. 39-3, Supp. Plaintiff Profile Form, at 3; Doc. 39-1 at 30. MCF filed suit against the Knauf Defendants on November 13, 2014, alleging in the Complaint that it suffered damages due to "lost value or devaluation" of the home. Doc. 39-4, Plaintiff Fact Sheet, at 5. MCF sold the home for $249,000, making a 21% profit of $43,656. *Id*. at 3. MCF does not allege in the Complaint an assignment of rights from the previous property owner to MCF was executed. Defendants thus argue the suit is barred by the subsequent purchaser doctrine and for lack of evidence of diminished value.

## II. STANDARD

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

For issues the movant must prove, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party

on all of the essential elements of its case." *Landolfi v. City of Melbourne, Fla.*, 515 F. App'x 832, 834 (11th Cir. 2013) (citation omitted). But for issues the non-movant bears the burden, the movant has two options: (1) point out a lack of evidence to support the nonmoving party's case; or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys.*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).

At the summary judgment stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). It may not undertake credibility determinations or weigh the evidence when reviewing the record. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010). What's more, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

### III. ANALYSIS

**A. Subsequent Purchaser**

This is one of ten cases in which Defendants argue that Plaintiff's damage claims are barred by what Defendants label the subsequent purchaser doctrine. In essence, Defendants argue that Florida law does not allow a claim for damages to property to be asserted by a subsequent purchaser unless there has been an express assignment of any such claim from the original purchaser.

As argued by Defendants in each of the ten cases:

> Florida law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without a specific assignment of that cause of action. Where the cause of action arises out of an injury to property, that action is personal to the owner of the property and a party who subsequently takes title to the property, without receiving an assignment of that cause of action, may not pursue that cause of action. … In order to pursue a cause of action the subsequent purchaser of the property must allege that they became owner of the property after the damage was done and "that by assignment, he became possessed of all rights and causes of action which the original owners possessed." *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 496 (Fla. 3d DCA 1994) (citing *Selfridge v. Allstate Ins.*, 219 So. 2d 127, 128 (Fla. 1969); and quoting *State Road Dep't. v. Bender*, 2 So. 2d 298 (Fla. 1941)). "When an assignment of interests is involved, the plaintiff must allege a valid assignment of that cause of action." *Llano Fin. Grp., LLC v. Ammons*, No. 3:16-CV627/MCR/CJK, 2017 WL 7596921, at *2 (N.D. Fla. June 15, 2017) (citing *Ginsberg*, 645 So. 2d at 496).

Plaintiffs respond that there is no such general doctrine and that the continuing nature of the damages from the defective drywall would preclude any application of such a doctrine.

Recently, District Judge Robert N. Scola of the Southern District of Florida, presiding over a number of cases similar to these, held "As a threshold matter, Florida

does not appear to have a "subsequent purchaser rule" as the Defendants suggest, Subsequent purchasers are allowed to assert claims in a number of contexts." *Karpel v. Knauf Gips KG*, 2022 WL 4366946 at *2 (S.D. Fla. Sept. 21, 2022). Notably, neither party favored this Court with any reference to Judge Scola's ruling as supplemental authority.

In the cases in this Court, Defendants argue the subsequent purchaser doctrine generally, without regard to the particular legal theories being pursued by Plaintiffs. Due to this presentation, the Court declines to undertake its own ex ante analysis of each of the theories of the case. For present purposes, it is sufficient to note agreement with Judge Scola's overall conclusion and to point out that Defendants have overstated the extent and potential application of the limited principles set forth in the cases they have cited.

The principal case cited by Defendants is *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490 (Fla. 3d DCA 1994). As discussed by Judge Scola, however, "*Ginsberg* was decided on the basis of what the Florida Supreme Court now recognizes to be a flawed application of the economic loss rule." *Id.* at *6-7. The case accordingly is not good authority supporting the assertion of some overarching rule in Florida barring claims by subsequent purchasers of goods and real property.

The absence of a general doctrine barring claims by subsequent purchasers, the somewhat fluid nature of the Plaintiffs' claims and the variance in circumstances of

each property at issue mean that treatment of this issue on summary judgment is inappropriate. The motion should be **DENIED** as to this issue.

## B. Damages Issue

The Knauf Defendants argue that they are entitled to summary judgment because MCF has failed to create a genuine issue of material fact on damages. Defendants argue that Plaintiff cannot recover damages for diminished value of its house because, after remediation, the property was sold at a net profit. This argument, presented in less than three pages simply ignores the likelihood that, absent the drywall issues, a higher sale price could have been achieved. As stated by Plaintiff's representative in his deposition: "Q. But you didn't lose money on flipping the property; is that correct? A. No. It would be hard to lose. **I could have done better**." Freeman Depo., Doc. 39-1 at 49 (emphasis added).

The Court views Defendants' argument in this regard as a makeweight and not a matter suitable for determination on summary judgment, and the motion should be **DENIED** in this regard.

## CONCLUSION

In accordance with the foregoing, it is respectfully recommended that the Knauf Defendants' Motion for Summary Judgment on Issues Particular to This Case (Doc. 39) be **DENIED**.

## NOTICE

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 19, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record