**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**In re DRYWALL LITIGATION**

    **Relates to Cases Numbered:**

| | |
|---|---|
| **2:21-cv-887** | **2:21-cv-888** |
| **2:21-cv-891** | **2:21-cv-894** |
| **2:21-cv-896** | **2:21-cv-889** |
| **2:21-cv-890** | **2:21-cv-892** |
| **2:21-cv-893** | **2:21-cv-895** |
| **5:21-cv-574** | **6:21-cv-2011** |
| **6:21-cv-2013** | **8:21-cv-2771** |
| **8:21-cv-2779** | **8:21-cv-2773** |
| **8:21-cv-2778** | **8:21-cv-2774** |
| **8:21-cv-2777** | **8:21-cv-2785** |
| **8:21-cv-2775** | **8:21-cv-2788** |
| **8:21-cv-2789** | **8:21-cv-2781** |
| **8:21-cv-2783** | |

------------------------------------

**<u>ORDER DEFERRING IN PART AND ADOPTING
IN PART REPORT AND RECOMMENDATION ON
SUMMARY JUDGMENT ISSUES COMMON TO ALL CASES</u>**

    This matter is before the Court on the "Report and Recommendation on

Motion for Partial Summary Judgment on Issues Common to All Cases" of David A.

Baker, United States Magistrate Judge (the "Report").[1]  The Report addresses

identical motions for summary judgment filed in each of the twenty-five related

cases listed in the caption above.

---

[1] Identical motions have been filed in each case and assigned the docket numbers set forth on the last page of this Order.  Defendants have also filed a number of additional summary judgment motions addressing issues specific to individual cases.  Separate orders on these case-specific motions are forthcoming.

## Background

Plaintiffs filed twenty-five related cases against Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. (collectively the "Knauf Defendants"), asserting claims under various legal theories for damages from defective drywall manufactured by the Knauf Defendants and placed in the stream of commerce. Specifically, Plaintiffs claim that components of the drywall installed in their homes reacted or broke down and released harmful sulfur compounds and other gases.

The history of these "Chinese drywall" cases is set forth in the Background section of the Report, which is incorporated by reference. Briefly summarized, Plaintiffs' claims were previously pending in a multidistrict litigation in the Eastern District of Louisiana (MDL 09-2047), presided over by District Judge Eldon E. Fallon. Following Judge Fallon's suggestion of remand and further proceedings, these twenty-five unresolved cases were transferred to this district, severed, and filed as separate actions. The cases were uniformly assigned to Judge Baker for pretrial matters, including orders or reports and recommendations as appropriate.

The Knauf Defendants filed one motion for summary judgment in each of these cases addressing common issues, and one motion in each case addressing issues specific to the particular case. **The Report at issue here addresses motions relating to two common issues: (1) whether claims for punitive damages are barred by § 768.73(2), *F.S.*, and (2) whether claims under the**

**Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.201** *et seq.*, **are limited to the reduced or diminished value of the drywall (or the cost of the drywall, to the extent it is worthless and must be replaced).** The Report recommends that the Court grant the motions in part and deny them in part. The Knauf Defendants filed an objection to the Report in each of the cases on November 2, 2022. Plaintiffs filed no objection.

With consent, review of the Report and consideration of any objections was assigned to the undersigned. The cases remain under the authority of their assigned district judges in all other respects.

## Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

## Analysis

After careful consideration of the record, including Judge Baker's Report, the Court defers consideration of the Report in part and adopts the Report in part.

***Punitive Damages***

The Knauf Defendants seek summary judgment based on the application of §
768.73(2), *F.S.*  This provision precludes an award of punitive damages in a civil
action against a defendant who "establishes, before trial, that punitive damages
have previously been awarded against that defendant in any state or federal court
in any action alleging harm from the same act or single course of conduct for which
the claimant seeks compensatory damages."   § 768.73(2)(a), *F.S.*  If, however, "the
court determines by clear and convincing evidence that the amount of prior punitive
damages awarded was insufficient to punish that defendant's behavior, the court
may permit a jury to consider a subsequent award of punitive damages."  §
768.73(2)(b), *F.S.*

The Knauf Defendants argue that punitive damages are precluded under the
statute based on a prior judgment against them for compensatory damages and $6
million in punitive damages entered in *Robin v. Knauf Plasterboard (Tianjin) Co.
Ltd.*, Case No. 10-59323-CA-01, in Miami-Dade Circuit Court in 2013.  They
contend that Plaintiffs have not shown by clear and convincing evidence that the
prior award was insufficient to punish their behavior, in light of other evidence as to
the Knauf Defendants' payments and other conduct.  Plaintiffs argue in response
that to determine whether a prior award was sufficient to punish the defendant's
behavior, the court should consider the amount actually paid by the defendant in
satisfaction of the award, which is unknown here, and that the evidence creates
issues of fact on whether the prior award constituted insufficient punishment.

Judge Baker's Report concludes that the term "award" in § 768.73(2), *F.S.* should be construed to require that there be a "prior final enforceable judgment for punitive damages" for the statute to apply.  The Report further states that "a trial court judgment, the validity of which was questioned on appeal, cannot be deemed an 'award' when the appellate process is pretermitted by a settlement."  The *Robin* case settled while an appeal of the judgment was pending.  The Report also concludes that, even if the *Robin* judgment triggered the operation of § 768.73(2)(a), *F.S.,* issues of fact still remain as to whether the prior award constituted insufficient punishment under subsection (2)(b).  Accordingly, Judge Baker recommends that the Court deny the motions for partial summary judgment without prejudice as "insufficiently showing a preclusive award and further establish a schedule for final briefing and hearing on whether 'clear and convincing evidence [shows] that the amount of prior punitive damages awarded was insufficient punish [Defendants'] behavior.'"

The undersigned concludes that the legal and factual issues governing the application of § 768.73(2), *F.S.*, in these cases are better addressed by the individual district judges to whom the cases are assigned.  The undersigned will therefore defer ruling on the application of § 768.73(2), *F.S.*, to permit the individual district judges in the captioned cases to consider the Report as to this issue.

**FDUTPA Damages**

The Knauf Defendants also move for summary judgment to the extent Plaintiffs seek damages under FDUTPA other than "actual damages," consisting of the difference between the market value of the drywall they expected and the value of the drywall they actually received.  Accordingly, they argue, certain damages sought by Plaintiffs are not recoverable, such as the cost to replace other property in their homes, reduction in their homes' value, stigma, loss of use, and other consequential or incidental damages.

As Judge Baker's Report notes, Plaintiffs' summary judgment responses fail to address the Knauf Defendants' contentions regarding FDUTPA damages and instead briefly argue that it is unclear whether punitive damages are available under FDUTPA, and that attorneys' fees and costs may be awarded to them if they prevail, an issue not raised in the summary judgment motions.  Judge Baker therefore recommends that the motions for partial summary judgment be granted to the extent they seek to limit Plaintiffs' damages recovery on their FDUTPA claims to the reduction in value of the drywall as a result of the alleged defect.

Neither side filed objections to the Report on this issue, and review is therefore limited to clear error.  There is no clear error.   On the contrary, the Court agrees with Judge Baker's well-reasoned conclusions.  Accordingly, to the extent that the Report recommends the Knauf Defendants' motions for summary judgment limiting Plaintiffs' damage recovery on their FDUTPA claims to the reduction in

value of the drywall as a result of the alleged defect be granted, the Court adopts the Report, and grants the summary judgment motions.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation is **DEFERRED IN PART** and **AFFIRMED** and **ADOPTED IN PART.**

2. The Knauf Defendants' motion for partial summary judgment is **DEFERRED IN PART** and **GRANTED IN PART**.

3. The Background and Applicable Law sections on pages 2-9 of the report and recommendation are **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE**.

4. To the extent the Knauf Defendants seek summary judgment based on application of § 768.73(2), *F.S.*, the Court **DEFERS RULING** on this aspect of the report and recommendation and the motion for partial summary judgment to allow the individual district judge assigned to this case to consider the report and recommendation and the motion in the first instance.

5. To the extent the report and recommendation recommends the Knauf Defendants' motion for partial summary judgment limiting Plaintiffs' damage recovery under FDUTPA to reduction in value of the drywall be granted, the report and recommendation is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all

purposes, including appellate review, and the Knauf Defendants' motion

for partial summary judgment is **GRANTED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day

of January, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

| Case No. | Plaintiff(s) | Motion Doc. # |
| --- | --- | --- |
| 2:21-cv-00887-JLB-NPM | Blevins | 47 |
| 2:21-cv-00888-JLB-NPM | CDO Investments | 41 |
| 2:21-cv-00889-JES-NPM | Judge | 38 |
| 2:21-cv-00890-SPC-NPM | Laremore | 42 |
| 2:21-cv-00891-JLB-NPM | MCF Enterprises, Inc. | 38 |
| 2:21-cv-00892-SPC-NPM | Rigopoulos et al. | 42 |
| 2:21-cv-00893-SPC-NPM | Russo et al. | 42 |
| 2:21-cv-00894-JLB-NPM | Timmons | 41 |
| 2:21-cv-00895-SPC-NPM | Van Drie | 40 |
| 2:21-cv-00896-JLB-NPM | Vest | 38 |
| 5:21-cv-00574-WWB-PRL | Allstate Servicing, Inc. | 44 |
| 6:21-cv-02011-RBD-GJK | Porciuncula | 63 |
| 6:21-cv-02013-RBD-GJK | Robbins | 65 |
| 8:21-cv-02771-SCB-AAS | Armstrong | 45 |
| 8:21-cv-02773-TPB-CPT | Ball | 50 |
| 8:21-cv-02774-VMC-TGW | Butcher | 52 |
| 8:21-cv-02775-CEH-JSS | Cohen | 47 |
| 8:21-cv-02777-VMC-TGW | Helmick | 51 |
| 8:21-cv-02778-TPB-CPT | Jaramillo | 49 |
| 8:21-cv-02779-SCB-AAS | Kopach et al. | 46 |
| 8:21-cv-02781-MSS-AAS | Lorquet | 40 |
| 8:21-cv-02783-SDM-JSS | Niemiec | 44 |
| 8:21-cv-02785-VMC-CPT | Pool | 52 |
| 8:21-cv-02788-CEH-AAS | Price | 43 |
| 8:21-cv-02789-CEH-SPF | Stockton | 43 |