```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

MCF ENTERPRISES, INC.,

      Plaintiff,

v.                              Case No:  2:21-cv-891-JES-DAB

KNAUF GIPS KG, KNAUF PLASTERBOARD TIANJIN CO. LTD., and KNAUF NEW BUILDING SYSTEM (TIANJIN) CO. LTD.,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Omnibus Motion i*n Limine* to Exclude Certain Evidence (Doc. #68) filed on February 9, 2024.  Plaintiff filed an Opposition (Doc. #80) on February 23, 2024.

**I.**

A motion *in limine* is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id.  "A motion in limine is not the proper vehicle to resolve substantive issues,

to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-CV-707-VMC-SPF, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). "Nor may a party use a motion in limine to sterilize the other party's presentation of the case." Harris v. Wingo, No. 2:18-CV-17-FTM-29MRM, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021) (cleaned up). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42.

"A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence," Harris, 2021 WL 5028201, at *1, and does not preserve an issue for appellate review. United States v. Gari, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009). "The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground." United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." In re

Seroquel Prod. Liab. Litig., No. 6:06MD-1769-ORL-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

**II.**

Defendants seek to prohibit plaintiff from presenting evidence, inferences, or argument on nine topics: (1) any evidence of damages barred by the economic loss rule; (2) evidence related to remediation that references damages not considered "other property" under the economic loss rule; (3) evidence of future remediation costs; (4) evidence not produced in discovery; (5) evidence related to damages for violations of FDUTPA; (6) evidence of an express warranty; (7) evidence of an implied warranty; (8) evidence of post-sale conduct or prior liability verdicts; and (9) any evidence of the scope of remediation in other lawsuits involving Chinese drywall. The Court addresses each, although not in the order presented.

**(1) Future Remediation Costs**

The parties agree that remediation was completed by plaintiff and the property was thereafter sold. Plaintiff agrees that future remediation costs are not at issue. (Doc. #80, p. 6.) Therefore, request (3) is denied as moot.

**(2) FDUTPA and Warranty Claims**

Plaintiff is no longer pursuing any FDUPTA, express warranty or implied warranty claims. Therefore, requests (5), (6), and (7)

are granted, unless the evidence is also admissible as to the negligence and products liability claims which remain.

### (3)  Evidence Not Provided in Discovery

Defendants argue Plaintiff should be barred from presenting damages not produced or properly reserved through discovery. There is insufficient information provided for the Court to make a ruling in limine. Defendants may certainly object to specific items of evidence, but the Court cannot address potential objections *in limine*. Request (4) is denied.

### (4)  Prior Liability Verdicts

Plaintiff states it does not intend to present evidence of any prior liability judgments at trial. The Court assumes this includes post-sale conduct unrelated to the remaining counts. Therefore, request (8) is denied as moot.

### (5)  Florida Economic Loss Rule

Requests (1), (2), and (9) are impacted by the Florida economic loss rule. Defendants argue that the Florida economic loss rule precludes MCF Enterprises, Inc.'s recovery in tort of most, if not all, of the damages it seeks. Plaintiff responds that the Florida economic loss rule does not apply, and that Defendants' argument is precluded by prior rulings by the district judge handling MDL-2047 prior to its transfer back to the Middle District of Florida.

**(a) Economic Loss Rule**

The Florida Supreme Court adopted a products liability economic loss rule in 1987. <u>Florida Power & Light Co. v. Westinghouse Elec. Corp.</u>, 510 So. 2d 899 (Fla. 1987). "[T]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." <u>Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.</u>, 110 So. 3d 399, 401 (Fla. 2013) (citing <u>Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.</u>, 891 So. 2d 532, 536 (Fla. 2004)). The economic loss rule "was introduced to address attempts to apply tort remedies to traditional contract law damages" and was "the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby encourages citizens to avoid causing physical harm to others." <u>Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.</u>, 620 So. 2d 1244, 1246 (Fla. 1993). In 2013, the Florida Supreme Court re-affirmed its economic loss rule but confined it to products liability cases, receding from its prior expansion of the rule. <u>Tiara Condo.</u>, 110 So. 3d at 407 ("[W]e . . . hold that the economic loss rule applies only in the products liability context. We thus recede from our

prior rulings to the extent that they have applied the economic loss rule to cases other than products liability.")

The "economic losses" which may not be pursued in a tort claim are defined as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits," and include "the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." Casa Clara, 620 So. 2d at 1246 (citation omitted). These "disappointed economic expectations" are protected by contract law, rather than tort law. Id. On the other hand, a claim for personal injury or damage to "other property" is not barred by the economic loss rule. Id. As the Eleventh Circuit summarized:

> The economic loss rule prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself. [] Economic loss includes damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property. [] The rationale underlying the economic loss rule is that parties should protect against the risk of economic loss during contract negotiations through warranty provisions and price adjustments rather than attempt to recover under tort law after the loss occurs.

Pulte Home Corp. v. Osmose Wood Preserving, Inc., 60 F.3d 734, 739-40 (11th Cir. 1995) (internal quotation marks and citations omitted).

In cases where the economic loss rule applies, the Court must distinguish between damages to the defective product itself (recovery for which is barred in tort) and damages to "other property" (recovery for which is permitted in tort.)[1] Id. at 741.

In Casa Clara, the Florida Supreme Court held that the economic loss rule barred homeowners' negligence claims against a subcontractor who supplied faulty concrete used in their homes. The Supreme Court rejected the homeowners' assertion that "other property" damage had occurred when steel reinforcement rods rusted due to the unusually high salt content of the concrete. Casa Clara, 670 So. 2d at 1247. The Court explained: "The character of a loss determines the appropriate remedies, and, to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant." Id. (citing King v. Hilton-Davis, 855 F.2d 1047 (3d Cir. 1988)). Because the concrete was "an integral part of the finished product" —the house

---

[1] There is no suggestion that any individual has been physically injured as a result of the Chinese drywall in the Property, so the Court need not discuss that aspect of the economic loss rule.

the buyers had bargained for— the "other property" exception did not apply. (Id.)

In Pulte Home Corp., Pulte asserted a negligence claim against a defendant who sold it treated plywood which could not be used in attic environments. Pulte asserted that if it had been warned that the treated plywood was inferior in quality and would not work for the general purposes for which it was manufactured and sold, Pulte would not have bought the product. The Eleventh Circuit found that Pulte's negligence claim presented precisely the type of "disappointed economic expectation" claim that Florida's strict interpretation of the economic loss rule foreclosed. Pulte Home Corp., 60 F.3d at 741.

The Eleventh Circuit then discussed whether Pulte had established that its case fell within the "other property" exception to the economic loss rule by showing damage to property aside from the plywood. The facts established that:

> Pulte incorporated the FRT plywood into its townhouses, such that the deterioration of the plywood destroyed the structural integrity of the roof. As a result, Pulte was forced to remove and replace the FRT plywood. In doing so, Pulte also had to remove and replace other portions of the roof, including untreated plywood and shingles. These other roof components form the basis of Pulte's "other property" argument.

Id. The Eleventh Circuit found that Pulte had not established that there was damage to "other property."

> Under the Casa Clara definition, the product bargained for and purchased by Pulte was the Osmose-treated FRT plywood. Based on the evidence offered at trial, the FRT plywood itself was the only property damaged. Although Pulte did replace roof components other than the FRT plywood, these components were not replaced because they were damaged. Rather, replacing the shingles and other materials was merely a consequence of replacing the damaged FRT plywood. Casa Clara specifically stated that economic loss includes the costs of replacing the defective product. [] These costs simply do not trigger the other property exception. As such, the other property damage Pulte complains of is nothing more than pure economic loss for which Pulte cannot recover in tort.

Id. at 741-42 (internal citation omitted).

More recently, in 2711 Hollywood Beach Condo. Ass'n, Inc. v. TRG Holiday, Ltd., 307 So. 3d 869, 870 (Fla. 3d DCA 2020), a condominium association purchased the condominium building from the developer. The building included a fire suppression system (FSS) which had been installed during construction. The association noticed leaks in the system and filed suit seeking damages for future repairs and replacement of the system. A defendant moved for partial summary judgment on the association's negligence and strict liability claims based on the economic loss rule, relying on Casa Clara. Summary judgment was granted, and plaintiff appealed.

The Florida appellate court affirmed, stating:

In Casa Clara, the Florida Supreme Court held that to the extent a products liability claim arises in the context of real estate, the economic loss rule applies. 620 So. 2d at 1247–48. The court applied the "object of the bargain" rule—in order "to determine the character of a loss, one must look to the product purchased by the plaintiff, not the product sold by the defendant." Id. at 1247 (citing King v. Hilton-Davis, 855 F.2d 1047 (3d Cir. 1988)). The allegedly defective material in Casa Clara, the concrete, was an "integral part of the finished product," and, as such, the injury it caused was not considered damage to "other" property. Id.

The Association bargained for, purchased and received a building; Nibco's fittings were only a component of the FSS, incorporated into the building. Applying the rule set forth in Casa Clara, the Association purchased a completed building from the developer. Nibco's fittings were "an integral part of the finished product and, thus, did not injure 'other' property." Id.; see also Saratoga Fishing Co. v. J.M. Martinac & Co., 520 U.S. 875, 883, 117 S. Ct. 1783, 138 L. Ed. 2d 76 (1997) (stating that parts and fittings that become integral components of something else "constitute a single product for purposes of the economic loss doctrine" because "all but the very simplest machines have component parts" and any other holding "would require a finding of 'property damage' in virtually every case where a product damages itself." (quoting Va. Sur. Co. v. Am. Eurocopter Corp., 955 F. Supp. 1213, 1216 (D. Haw. 1996); E. River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 867, 106 S. Ct. 2295, 90 L. Ed. 2d 865 (1986)). Injury to the building itself is not injury to "other" property because the product purchased by the Association was the building. See Casa Clara, 620 So. 2d at 1247. The economic loss rule therefore bars the Association's recovery as to Nibco to the extent that it sought damages

> to replace the FSS and repair damage to the building.
>
> On appeal, the Association again concedes that Casa Clara is good law but argues that this Court should refrain from applying it here for policy reasons. We decline that invitation. In the over thirty years the economic loss rule has been applied by Florida courts, the Florida Supreme Court has carved out several exceptions. This case, however, falls squarely within the parameters of the rule.

2711 Hollywood Beach Condo. Ass'n, Inc., 307 So. 3d at 870-71.

**(b) Application of Economic Loss Rule**

Here, it is undisputed that Plaintiff purchased a home in which a prior owner had previously installed Chinese drywall. The product purchased by Plaintiff was the home, and the drywall had been an integral part of the home for some time. As in 2711 Hollywood Beach Condo. Ass'n, Inc. and Casa Clara, injury to the home is not injury to "other property" because the product purchased by Plaintiff was the home. 2711 Hollywood Beach Condo. Ass'n, Inc., 307 So. 3d at 870-71; Casa Clara, 620 So. 2d at 1247. Therefore, Plaintiff cannot pursue the economic damages it seeks. Id.

Most of the damages Plaintiff seeks qualify as economic damages which are not recoverable in product liability tort claims. In the parties' Joint Final Pre-Trial Statement, Plaintiff states that it "seeks to recover damages in the form of remediation costs, damage to other property within the real property, and other

economic damages." (Doc. #76, p. 3.) Of these, only damages to "other property within the real property" are recoverable. Plaintiff also asserts that the drywall caused "damage to the home and personal property" and corroded "the copper in the wiring, plumbing, fixtures, appliances and other personal property." (Id. at 3-4.) Additionally, "[P]laintiffs seek damages . . . for the damage to their home and personal property, as well as for the loss of use and enjoyment of the property." (Id. at 4.) Of these, only damages to personal property may be recoverable. Therefore, most of the damages which Plaintiff seeks are precluded by the economic loss rule. Plaintiff may, however, offer evidence as to damages to "other property" if such damages exist.

### (c) Prior MDL Opinions

Plaintiff argues that the Court is forbidden from making this determination because it is inconsistent with a 2010 decision by the MDL-2047 district judge which denied motions to dismiss based on the Florida economic loss rule. According to Plaintiff, this prior decision is the "law of the case" which cannot now be changed by a transferor district court. (Doc. #80, pp. 1-4, 5-7.) The Court concludes that the prior decisions are not the "law of the case" as to the trial evidentiary issues now before the Court.

In re Chinese Manufactured Drywall Products Liab. Litig., 680 F. Supp. 2d 780 (E.D. La. 2010), involved motions to dismiss tort

claims of plaintiffs who purchased homes already containing Chinese drywall. Id. at 785, 791. The motions to dismiss argued that the Florida economic loss rule limited tort recovery in such circumstances to personal injury and/or damage to "other property," but barred any recovery for economic damages such as injury to the product, repair costs, inspection costs, relocation costs, and diminution in value.

The MDL Judge refused to dismiss the claims, holding that the Florida economic loss rule did not bar tort claims by plaintiffs who had purchased a home already containing Chinese drywall. The MDL Judge recognized that Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc., 620 So. 2d 1244, 1247 (Fla. 1993) had concluded that when homeowners purchase finished homes already containing a defective product, the finished homes constituted the "product." Id., 680 F. Supp. 2d at 791. The MDL Judge engaged in a lengthy discussion of the history of the economic loss rule, including Pulte Home Corp. v. Osmose Wood Preserving, Inc., 60 F.3d 734, 741-42 (11th Cir. 1995). Id. at 794-95. The MDL Judge distinguished these Florida cases, however, holding that they involved *structurally* inferior components, while the Chinese drywall was not structurally inferior and had not failed to serve its intended structural purpose. Instead, "its defects go beyond disappointed economic expectations, causing harm which justifies

access to tort remedies." Id. at 793. The MDL Judge also found the drywall "involves a potential hazard to health and property" and plaintiffs had "alleged actual physical injury as a result of the Chinese drywall in their homes, thus the rationale in Casa Clara is not applicable." Id. The Court was also concerned that Casa Clara was a 4-3 decision with strong dissents, and later Florida Supreme Court decisions "have cast doubts on" it. Id. at 793-94.

Plaintiff argues that the discussion of the Florida economic loss rule is the law of the case which must be followed in all subsequent stages of the case. The Court disagrees.

The typical formulation of the law of the case doctrine provides:

> A decision of a legal issue or issues by an appellate court . . . must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless (1) the evidence on a subsequent trial as substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such issues, or (3) the decision was clearly erroneous and would work a manifest injustice.

Baumer v. United States, 685 F.2d 1318, 1320 (11th Cir. 1982) (quoting White v. Murtha, 377 F.2d 428, 431-32 (5th Cir. 1967)). See also Cambridge Univ. Press v. Albert, 906 F.3d 1290, 1299 (11th Cir. 2018) (findings and fact and conclusions by an appellate court are generally binding in all subsequent proceedings in the same

- 14 -

case); United States v. Williams, 728 F.2d 1402, 1405-06 (11th Cir. 1984) (citing Baumer). "The doctrine is based upon the sound policy that litigation should come to an end. It protects against the agitation of settled issues and assures obedience of lower courts to the decisions of appellate courts." Williams, 728 F.2d at 1406 (citation omitted). Here, of course, there is no appellate decision at issue, so the normal law of the case doctrine simply does not apply.

The Eleventh Circuit has discussed the concept, however, in the context of trial-level decisions.

> At the trial court level, the doctrine of the law of the case has been described as "little more than a management practice to permit logical progression toward judgment." [] It is recognized that when cases are transferred from one judge to another judge in the same court, the transfer should not be treated as an opportunity to relitigate all the questions decided by the first judge. [] However, the subsequent judge should never be bound by an erroneous ruling of law.

Williams, 728 F.2d at 1406 (internal citations omitted). These principles do not bar the Court from following the Florida economic loss rule at trial in the manner set forth above.

At least one circuit, however, has applied the law of the case doctrine in the context of an MDL proceeding. In re Ford Motor Co., 591 F.3d 406, 411 (5th Cir. 2009) ("The better view is . . . that transferor courts should use the law of the case doctrine

to determine whether to revisit a transferee court's decision.") "The law of the case doctrine requires that courts not revisit the determinations of an earlier court unless "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work . . . manifest injustice." Id. at 411–12.

Even assuming the law of the case doctrine articulated in In Re Ford Motor Co. applies, it is not being violated here. The Court is not re-addressing the motions to dismiss decided by the MDL Judge. Rather, the Court is addressing new issues of how the Florida economic loss rule impacts the admissibility of evidence at trial and expert opinion testimony at trial. Furthermore, the MDL Judge relied on the allegation there was personal injury, but there is no such assertion in this case. While the Court's analysis of the impact of Florida case law differs from the MDL Judge, the more recent Florida decision in 2711 Hollywood Beach Condo. Ass'n, Inc. confirms that Casa Clara remains good law, that the structural-soundness distinction does not make a difference, and that concerns about the continued viability of Casa Clara in the products liability context were not borne out.

Plaintiff also argues that the law of the case includes the Findings of Fact & Conclusions of Law Related to The June 9, 2015

Damages Hearing (Doc. #80-1) in MDL-2047. (Doc. #80, p. 1.) Some MDL defendants were in default and the MDL Judge had already entered a liability judgment, so the MDL Judge followed Fed. R. Civ. P. 55(b)(2) to determine the amount of damages. (Doc. #80-1, p. 30.) The hearing "considered only remediation damages for current owners." (Id.) "After considered analysis of the impracticality and risks of the selective remediation approach, the Court found in Germano and re-affirms herein that remediating a Chinese drywall property requires complete remediation and cleaning. . .." (Id. at 14.) The MDL Judge found that "proper remediation of the danger posed by Chinese drywall must include the removal of all drywall, all electrical wiring, the entire HVAC system, and many other items such as appliances, carpet, cabinetry, trim work and flooring." (Id. at 14-15.) The MDL Judge further found that "a formulaic method used to calculate remediation damages is fair and reasonable," (Id. at 29) and adopted "Mr. Inglis' damages methodology to quantify the aggregate damages." (Id. at 49.)

Thus, this decision determined how damages were to be calculated for defaulted defendants. Nothing in this decision addressed the Florida economic loss rule. Nothing in the Court's current Opinion and Order changes that decision, and the

methodology still applies when those damages are recoverable.  The law of the case doctrine does not apply here.

Accordingly, it is hereby

**ORDERED:**

Defendants' Omnibus Motion In Limine to Exclude Certain Evidence (Doc. #68) is **GRANTED IN PART AND DENIED IN PART** as stated above.

**DONE and ORDERED** at Fort Myers, Florida, this   28th   day of February 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 18 -